AUSA: Sara D. Woodward          Telephone: 313-226-9180

Special Agent      : Raymond C. Nichols          Telephone: 313-965-2323

Ɔ 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
## Eastern District of Michigan

United States of America,

Plaintiff,

v.

ABRAHAM MOHAMAD BAYDOUN

Case: 2:15-mj-30573
Assigned To : Unassigned
Assign. Date : 12/4/2015
Description: CMP: USA V BAYDOUN (LCB)

Defendant(s).

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of <u>February 24, 2015 to December 4, 2015</u>, in the county of <u>Wayne</u> in the <u>Eastern</u> District of <u>Michigan</u>, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 2252A(a)(2) | Receipt and distribution of child pornography |
| 18 U.S.C. Section 2252A(a)(5)(B) | Possession of child pornography |

This criminal complaint is based on these facts:
See attached affidavit.

☐   Continued on the attached sheet.

_____
Complainant's signature

Special Agent Raymond C. Nichols, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: <u>December 4, 2015</u>

_____
*Judge's signature*

City and state: <u>Detroit, Michigan</u>

MONA K. MAJZOUB, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Raymond C. Nichols, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), Detroit Division, being duly sworn, depose and state as follows:

## I.   INTRODUCTION

1.   I have been employed as a Special Agent of the FBI since February 2012, and am currently assigned to the FBI Detroit Division. While employed by the FBI, I have investigated federal criminal violations related to Internet fraud, computer intrusions, and the FBI's Innocent Images National Initiative, which investigates matters involving the online sexual exploitation of children. I have gained experience through training at the FBI Academy, post Academy training, and everyday work related to conducting these types of investigations.

2.   As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3.   This affidavit is made in support of an application for a criminal complaint and arrest warrant for ABRAHAM MOHAMAD BAYDOUN for violations of 18 U.S.C. § 2252A(a)(2) and (a)(5)(B), which prohibit the receipt, distribution, and possession of child pornography.

1

4. Because this criminal complaint is being submitted for the limited purpose of securing an arrest warrant I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that BAYDOUN has violated 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B).

## II. PROBABLE CAUSE

5. On February 24, 2015, a Federal Bureau of Investigation Online Undercover employee (OU), while working in an undercover capacity, signed into the GigaTribe file sharing program[1] from an Internet connected computer from the Newark Division of the Federal Bureau of Investigation. The OU observed GigaTribe user "**cocksmuggler**," who was connected to the GigaTribe network, and was sharing digital files with other users.

6. The OU proceeded to browse **cocksmuggler's** shared directories and observed a folder named "Teen Brother Sister Incest – 12 inch cock!," which was password protected. The OU also observed two other password protected folders named "cocksmuggler", and "stuff." The OU messaged **cocksmuggler** and asked for the password to the shared folders. **Cocksmuggler** provided a password, which the OU attempted to use to access the shared folders. The password did not work, so the OU asked

---

[1] GigaTribe is a peer-to-peer file sharing network.

**cocksmuggler** again for the password. **Cocksmuggler** provided a different password, which the OU was able to use to browse **cocksmuggler's** shared folders.

7.   The OU, using the password provided by **cocksmuggler**, browsed the files shared by **cocksmuggler** in thumbnail view. The OU observed multiple images depicting child pornography and video files with titles indicative of child pornography. In total, **cocksmuggler** was sharing approximately 400 digital images and videos.

8.   The OU was able to download approximately 50 image and video files of child pornography directly from **cocksmuggler,** who was using Internet Protocol Address (IP) 50.4.215.194, between approximately 8:26 PM and 8:30 PM Eastern Time on February 24, 2015.

9.   The OU used a publicly available computer program in order to identify the service provider of the IP address utilized by **cocksmuggler,** which was Wide Open West.

10.   I have reviewed the files that the OU downloaded from **cocksmuggler** on February 24, 2015, and found that the files depict real minor children engaged in sexually explicit conduct, including, but not limited to, the lascivious display of the genital or pubic area of any person.

3

Below is a description of three of the files downloaded by the OU from the **cocksmuggler**[2].

> a.  **"! New ! . . . Little Boy..."**: This video is approximately 15 seconds long, and depicts a young boy performing oral sex on an adult male;
>
> b.  **"4..."**: This video is approximately 26 seconds long, and depicts a prepubescent boy nude from the waist down masturbating. At the end of the video, the boy's face is shown as he pulls up his pants;
>
> c.  **"chrissi..."** This image depicts a prepubescent boy lying completely nude on a bed next to a Hustler magazine. The boy's legs are spread and his finger is touching the opening of his anus.

11.  Results from an administrative subpoena sent to Wide Open West, for the date and time the files of child pornography were downloaded, revealed that IP address 50.4.215.194 was assigned to ***1 Orchard Avenue, Dearborn, Michigan.

---

[2] Portions of some of the filenames have been redacted to prevent further dissemination of child pornographic files through public databases where this affidavit may appear.

12. Using a law enforcement tool, your affiant setup email notifications to send an alert when **cocksmuggler** was connected to the GigaTribe network. The purpose for the alerts were so that your affiant could attempt to obtain further downloads and other lead information from **cocksmuggler.** Between October 5, 2015, and November 17, 2015, **cocksmuggler** was online and connected to the GigaTribe network for approximately 66 hours.

13. In November of 2015, your affiant sent **cocksmuggler** friend requests from multiple undercover GigaTribe accounts. On November 10, 2015, having been alerted that **cocksmuggler** was connected to the GigaTribe network, your affiant logged into the GigaTribe network with an undercover account, and observed that **cocksmuggler** had accepted your affiant's undercover account as a friend. Your affiant observed two password protected folders titled, "cocksmuggler", and "stuff." Those two folders shared the same names as those found to contain child pornography during the February 24, 2015 session with the UO.

14. On November 10, 2015, your affiant sent **cocksmuggler,** who was using IP address 50.4.215.194, a message that stated "pass?" which was a request for **cocksmuggler's** password for the two folders referenced in paragraph 13. **Cocksmuggler** did not respond, and immediately

unfriended your affiant's undercover account. Subsequent attempts to friend **cocksmuggler** were unsuccessful.

15. On November 19, 2015 a subpoena requesting subscriber information for IP address 50.4.215.194, utilized on November 10, 2015, was served on Wide Open West. On the same date, Wide Open West identified the subscriber address as \*\*\*1 Orchard Avenue, Dearborn, Michigan.

16. On December 4, 2015, a federal search warrant was executed at the residence located at \*\*\*1 Orchard Avenue, Dearborn, Michigan. ABRAHAM MOHAMAD BAYDOUN was present during the execution of the warrant. He declined to be interviewed by agents.

17. BAYDOUN's adult nephew was also present, and stated that he and BAYDOUN resided in the home, along with BAYDOUN's elderly parents. BAYDOUN's nephew identified BAYDOUN's bedroom as the only bedroom located upstairs. In BAYDOUN's bedroom, your affiant located a HP laptop computer. Your affiant previewed the computer, and determined that Gigatribe was installed. Your affiant also located a folder named "**cocksmuggler**" that contained approximately 1800 video and image files. Your affiant viewed some of the files, and saw that the files depicted child

pornography, including depictions of prepubescent boys involved in sex acts.

18. BAYDOUN's nephew stated that the HP laptop computer described in paragraph 17 belonged to BAYDOUN.

### III. CONCLUSION

19. Based upon the foregoing, there is probable cause to believe that BAYDOUN has knowingly received, possessed and distributed child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B). Accordingly, your Affiant respectfully requests that this Court issue an arrest warrant. Your affiant, therefore, respectfully requests that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

Raymond C. Nichols
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me this 4th day of December 2015.

MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

7