# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

                Plaintiff,

v.

                                    Case No. 16-20057

ABRAHAM MOHAMAD BAYDOUN,

                Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Defendant Abraham Mohamad Baydoun pleaded guilty to distribution of child pornography, 18 U.S.C. § 2252A(a)(2). (ECF No. 20, PageID.70.) On August 25, 2016, the court sentenced him to 180 months imprisonment. (ECF No. 30, PageID.152-53.) His projected release date is June 4, 2029. (ECF No. 34, PageID.269.)

Defendant filed a "Motion for [C]ompassionate [R]elease." (ECF No. 32.) He argues the threat of the Coronavirus Disease ("COVID-19") at his place of confinement at FCI Elkton in Lisbon, Ohio, combined with his preexisting health condition of obesity, justifies his immediate release. The government has filed a response. (ECF No. 34.) The court has reviewed the record in this case and finds a hearing unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons provided below, the court will deny Defendant's motion.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and

determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." U.S. Sentencing Guidelines Manual § 1B1.13. The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. *Id.* § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances.[1] Federal Bureau of Prisons, U.S. Department of Justice, *Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (2019).

---

[1]      After the passage of the First Step Act in 2018, district courts in the Sixth Circuit remain divided over whether only the BOP Director may determine if a defendant's circumstances fall within the category of "Other Reasons." *Compare United States v. Bolze*, --- F. Supp. 3d ----, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (quoting U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D)) ("[O]nly the 'Director of the Bureau of Prisons' can determine that such 'other reasons' exist."), *with United States v. Young*, --- F. Supp. 3d ----, 2020 WL 1047815 (M.D. Tenn. Mar. 4, 2020) ("[F]ederal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction.").

In all, a defendant seeking compassionate release must present "extraordinary and compelling" circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B1.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

Defendant's circumstances are not "extraordinary and compelling." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). A court in this district has described the requirements of "extraordinary" in the context of compassionate release "as beyond what is usual, customary, regular, or common," and a "'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted." *Sapp*, 2020 WL 515935, at *3 (citations removed).

Defendant's central argument is that the health risks presented by COVID-19 are so extreme that the court is compelled out of an interest in justice to order his immediate release. Yet Defendant has already tested positive for COVID-19. He contracted the disease at the earliest on May 28, 2020, the date of his test. (ECF No. 35, PageID.324.) The test was reported on May 31, 2020 and Defendant filed his motion on June 18, 2020. (*Id*.; ECF No. 32.) He has been asymptomatic, and his medical records indicate

3

that he has not sought out and received additional treatment since testing positive. (*Id.*, PageID.315, 317.) FCI Elkton has offered Defendant regular temperature and oxygen saturation checks. (*Id.*, PageID.317-18.) He received such checkups last on June 8, 2020 but is listed as "No Show" or "Refused" in the last six entries, ending on June 12, 2020. (*Id.*)

The court is aware of no confirmed case of an individual contracting COVID-19 only to be re-infected from a different source at a different time. *But see* John Smith, *South Korea Reports More Recovered Coronavirus Patients Testing Positive Again*, Reuters (April 13, 2020), https://www.reuters.com/article/us-health-coronavirus-southkorea/south-korea-reports-more-recovered-coronavirus-patients-testing-positive-again-idUSKCN21V0JQ (describing a small number of COVID-19 cases in South Korea that had been "reactivated" but experts believing they are not through "re-infect[ion]"). The government asserts "[t]here exist no cases of individuals re-contracting [COVID]-19 after fully recovering." (ECF No. 34, PageID.267-68.)

Even if Defendant develops symptoms in the future, FCI Elkton offers him medical treatment. Symptomatic inmates with exposure risks in the federal prison system receive medical evaluations and treatment. *BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited July 17, 2020). (ECF No. 34, PageID.270-71.) In fact, Defendant received a COVID-19 test and almost daily checkups, monitoring his temperature and oxygen saturation. (ECF No. 35, PageID.315, 317-18.) The last reported entries indicate Defendant stopped going in to be seen. (*Id.*, PageID.317-18.)

4

To release Defendant, the court would be forced to speculate that Defendant will unexpectedly develop symptoms and that, if so, he would receive more effective access to quality healthcare in free society than at FCI Elkton, which now appears capable of providing testing and regular monitoring. (ECF No. 34, PageID.267-68; ECF No. 35, PageID.315, 317-18.) The court has no assurances as to Defendant's environment if released, nor the healthcare he would receive if treatment is needed. His conditions at this time are not so extraordinary that "that irreparable harm or injustice would result if the relief is not granted." *Sapp*, 2020 WL 515935, at *3. Accordingly,

IT IS ORDERED that Defendant's "Motion for [C]ompassionate [R]elease" (ECF No. 32) is DENIED.

s/Robert H. Cleland                           /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 27, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 27, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                                   /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\16-20057.BAYDOUN.MotionforCompassionateRelease.RMK.docx